UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MCMANIS,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                      Defendant. | Case No.: 18cv1639 JM (NLS)<br><br>**ORDER GRANTING JOINT MOTION TO REMAND AND ENTERING JUDGMENT** |

      Plaintiff Billy Ray McManis and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, jointly move the court to remand this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 19.) On May 9, 2019, the court requested supplemental briefing on the parties' joint request for remand. (Doc. No. 20.) Defendant filed supplemental briefing on May 20, 2019. (Doc. No. 21.) The court finds this matter appropriate for disposition without a hearing and hereby vacates the June 3, 2019 hearing date. For the reasons discussed below, the court grants the parties' joint motion and remands this action for further proceedings.

///

///

## BACKGROUND

Plaintiff has been diagnosed with schizoaffective disorder and, in 2016, was awarded full disability benefits by the Department of Veterans Affairs based on his major depressive disorder with psychotic features. (Administrative Record, "AR," at 562-63, 695, 701.) He also suffers from shoulder and knee pain. (AR 56-57, 859, 874.) Prior to the onset of Plaintiff's mental health condition, Plaintiff worked for twenty-seven years as an aircraft sheet metal mechanic for the Navy. (AR 54-55.) On July 12, 2011, Plaintiff filed an application for disability benefits with the Social Security Administration, alleging a disability onset date of May 1, 2010. (AR 14, 52, 397.) After several procedural setbacks, on August 24, 2017, the administrative law judge ("ALJ") issued a decision finding that Plaintiff was not disabled because he had the residual functional capacity ("RFC") to perform his past work as an aircraft sheet metal mechanic. (AR 21-27.) On May 21, 2018, the Appeals Council denied Plaintiff's appeal of the ALJ's decision. (AR 1-3.) On July 19, 2018, Plaintiff filed this action challenging the adverse decision. (Doc. No. 1.) Plaintiff filed a motion for summary judgment on January 9, 2019. (Doc. No. 11.) The parties filed the instant joint motion to remand on May 9, 2019. (Doc. No. 19.)

## DISCUSSION

A court should "affirm the ALJ's findings of fact if they are supported by substantial evidence and if the ALJ's decision was free of legal error." Shaibi v. Berryhill, 883 F.3d 1102, 1108 (9th Cir. 2017). Conversely, a decision should be disturbed "only if it is not supported by substantial evidence or is based on legal error." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 20 C.F.R. § 404.901.

"If the reviewing court determines that the agency erred in some respect in reaching a decision to deny benefits, and the error was not harmless, sentence four of § 405(g) authorizes the court to reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Treichler, 775 F.3d at 1098 (citations and

alterations omitted). Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).

The parties agree that remand is necessary because the ALJ's findings are unsupported by substantial evidence. (Doc. No. 21 at 2.) Specifically, there is no medical evidence in the administrative record for the period between December 2011 and August 2016. The parties also agree that the record does not contain any medical opinion evidence during the relevant time period relating to Plaintiff's mental RFC. Without these medical records and opinions, the parties agree that the ALJ had insufficient evidence to support his findings. Upon review of the pleadings and record, the court agrees that, in light of the absence of medical evidence for the period of between December 2011 and August 2016, the ALJ had insufficient evidence to support his finding that Plaintiff was able to perform his past work as an aircraft sheet metal mechanic. Accordingly, the court reverses the decision of the ALJ and remands the matter for further proceedings.

## CONCLUSION

The final decision of the Commissioner of Social Security is reversed and this action is remanded to the Commissioner for further proceedings. Plaintiff's motion for summary judgment (Doc. No. 11) is denied as moot. The Clerk of Court is ordered to enter judgment in favor of Plaintiff and close the file.

IT IS SO ORDERED.

DATED: May 30, 2019

JEFFREY T. MILLER
United States District Judge